**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

**PAUL J. HAYNES,**
        **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO.  09-CV-40219-FDS**

**CALLAHAN, INC., UNITED SITE**
**SERVICES, INC., O.B. HILL TRUCKING**
**& RIGGING CO., INC. AND KEVIN S.**
**MINNEART**
        **DEFENDANTS**

**CALLAHAN, INC.**
        **THIRD PARTY PLAINTIFF**

**VS.**

**JOSEPH P. CARRARA & SONS, INC.**
**a/k/a J.P. CARRARA & SONS, INC.**
**THIRD PARTY DEFENDANT/FOURTH PARTY PLAINTIFF**

**VS.**

**PRIME STEEL ERECTING, INC.**
**FOURTH PARTY DEFENDANT**
_____

**FOURTH-PARTY COMPLAINT OF THIRD-PARTY DEFENDANT/FOURTH-**
**PARTY PLAINTIFF JOSEPH P. CARRARA & SONS, INC.  AGAINST**
**FOURTH PARTY DEFENDANT, PRIME STEEL ERECTING, INC.**

1.        Defendant/Third-Party Plaintiff Callahan, Inc. **("Callahan")** is a Massachusetts

corporation with a principal place of business at 80 First Street, Bridgewater, Massachusetts.

2.        Third-Party Defendant Joseph P. Carrara & Sons, Inc. a/k/a J.P. Carrara & Sons,

Inc. **("Carrara")** is a Massachusetts corporation with a place of business at 167 N. Shrewsbury

Road, North Clarendon, Vermont 05759.

3.    Upon information and belief, Fourth-Party Defendant, Prime Steel Erecting, Inc **("Prime Steel"),** is a Massachusetts corporation with a place of business at 7 Sullivan Road, N. Billerica, Massachusetts.

## FACTS

4.    Plaintiff, Haynes, has alleged in his Amended Complaint that on May 19, 2008, he suffered personal injuries when he was struck by a truck when exiting a portable toilet at the Cloverleaf Apartments construction project in Natick, Massachusetts (the "Project").

5.    Plaintiff Haynes was an employee of Smedley Crane and Rigging ("Smedley Crane") at the time of the accident.

6.    Callahan was the general contractor for the Project and named by plaintiff as a defendant in this action.

7.    Carrara contracted with Callahan to perform certain concrete work for the Project

8.    Fourth Party Defendant **Prime Steel** executed a subcontract with **Carrara** to perform certain work on the project.

9.    Smedley Crane, plaintiff's employer, was on the project as a subcontractor to Prime Steel.

10.    On or about May 13, 2008, **Prime Steel and Carrara** entered into a written subcontract (the "Subcontract") wherein Prime Steel agreed to perform certain work for the Project.

11.    Pursuant to the explicit terms of the Subcontract in paragraph 4c, Prime Steel owes *contractual indemnity* obligations to Carrara.

12.    Pursuant to Paragraph 5 of the Subcontract, Prime Steel was also obligated to name Carrara as an *additional insured* on a primary, non contributory basis.

13.     To date, Prime Steel has failed to honor the indemnification and additional insured provisions of its subcontract with Carrara which necessitates this fourth party action.

## COUNT I
(Contribution)

14.     J. P. Carrara & Sons, Inc. repeats and incorporates herein by reference its allegations made in paragraph 1 through 13 of the Fourth-Party Complaint and makes them its allegations to this paragraph.

15.     J. P. Carrara & Sons, Inc. denies any liability to the Plaintiff and says that, to the extent that Plaintiff was allegedly damaged, such damages were proximately caused in whole or in part by the negligence of Prime Steel Erecting, Inc.

16.     J. P. Carrara & Sons, Inc. states that, to the extent they are found liable to the Plaintiff, such liability being specifically denied, then Prime Steel Erecting, Inc. is liable for contribution to J. P. Carrara & Sons, Inc. pursuant to M.G.L. c. 231 B §1, et seq.

WHEREFORE, the Fourth-Party Plaintiffs request a judgment against Prime Steel Erecting, Inc. for their pro rata share of liability pursuant to G.L. c. 231B, together with its costs and interest thereon.

## COUNT II
(Contractual Indemnification)

17.     J. P. Carrara & Sons, Inc. repeats and incorporates herein by reference its allegations made in paragraph 1 through 16 of the Fourth-Party Complaint and makes them its allegations to this paragraph.

18.     Fourth-Party Defendant, Prime Steel Erecting, Inc. is contractually obligated to defend and indemnify Carrara against the allegations asserted pursuant to the Subcontract Agreement between Third-Party Defendant and Fourth-Party Plaintiff pursuant to Paragraph 4c of said contract:

3

**To the fullest extent permitted by applicable law, (Prime Steel) agrees to indemnify, hold harmless and defend (Carrara) … from and against all claims … arising, or alleged to arise, on account of bodily injuries, personal injuries, death suffered by *any persons (whether they be third persons, Subcontractor, Sub-Subcontractor, or employees of either of the parties hereto or any sub-Sub-Subcontractor at any tier)* … in any way occurring, incidental to, arising out of, or in connection with this Work Order and the Work performed or to be performed by Sub-Subcontractor or any sub-Sub-Subcontractors of any tier. The Sub-Subcontractors obligation under this Paragraph does not extend to indemnifying Subcontractor of Owner against Subcontractor of Owner's sole negligence. (*emphasis added).***

19.    Pursuant to the Subcontract, Carrara served notice of the underlying claim and tendered their defense and request for indemnification by letter to Prime and/or its agent June 19, 2008.

20.    Fourth-Party Defendant has failed to satisfy its contractual indemnification obligations to Carrara and has suffered damages including but not limited to the cost to defend against the allegations of the Third-Party complaint, including attorney's fees, costs and interest.

WHEREFORE,  J. P. Carrara & Sons, Inc. demands judgment against the Fourth-Party Defendant for damages, including the cost to defend against the allegations of the Plaintiff, including attorney's fees, costs and interest, as well as, indemnification for any potential judgment entered against J. P. Carrara & Sons, Inc.

## <u>COUNT III</u>
(Breach of Contract)

21.    J. P. Carrara & Sons, Inc. repeats and incorporates herein by reference its allegations made in paragraph 1 through 20 of the Fourth-Party Complaint and makes them its allegations to this paragraph.

22.    By denying its contractual obligations to indemnify J. P. Carrara & Sons, Inc., Prime Steel Erecting, Inc. has breached the contract between the parties.

23.    The Fourth-Party Defendant has further breached the express terms of the Subcontract by failing to include J. P. Carrara & Sons, Inc. as an additional insured on a primary basis on Prime's insurance policy as required by Paragraph 5 of the Subcontract.

4

WHEREFORE, J. P. Carrara & Sons, Inc. demands judgment against the Fourth-Party Defendant for damages, including the cost to defend against the allegations of the Plaintiff, including attorney's fees, costs and interest.

**FOURTH PARTY PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF FACT RAISED BY ANY PLEADINGS HEREIN.**

THIRD-PARTY DEFENDANT/FOURTH-PARTY PLAINTIFF
J. P. CARRARA & SONS, INC.
By its attorney,

*/s Michael F. Ashe*
Michael F. Ashe BBO# 561009
Law Office of Thomas M. Niarchos
446 Main Street, 19th Floor
Worcester, MA 01608
508-753-0306
MFAshe@travelers.com

5

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as no registered participants on this   31st   Day of August, 2010.


/s/*Michael F. Ashe*__
Michael F. Ashe