UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAUL J. HAYNES
        *Plaintiff*

v.

CALLAHAN, INC., UNITED SITE SERVICES
NORTHEAST, INC., O.B. HILL TRUCKING &
RIGGING CO., INC. and KEVIN S. MINNEART
        *Defendants*

CALLAHAN, INC.,
        *Third-Party Plaintiff,*

v.

JOSEPH P. CARRARA & SONS, INC. A/K/A
J.P. CARRARA & SONS, INC.,
        *Defendants*

Civil Action No.: 4:09-cv-40219

**Leave to File Granted
on July 8, 2010**

## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the plaintiff, PAUL HAYNES, by and through his undersigned

attorney, Joseph M. Barnes, and amends his complaint and sues the defendants,

CALLAHAN, INC., UNITED SITE SERVICES NORTHEAST, INC., O.B. HILL

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

TRUCKING & RIGGING COMPANY, INC., and KEVIN S. MINNAERT, and alleges, avers and states as follows:

## PARTIES

1.    Plaintiff, Paul Haynes is an individual, whose residence is 2175 Plainfield Pike, Greene, RI 02827 and who was employed by The Smedley Company, Inc, 40 Flax Mill Road, Branford, CT 06406 at all times relevant herein. The plaintiff was not an employee of any of the defendants.

2.    On May 19, 2008 and at all times relevant herein, the Defendant, Callahan, Inc. was a Massachusetts corporation existing under the laws of the State of Massachusetts and doing business in the Town of Bridgewater, Massachusetts with an address of 80 First Street, Bridgewater, MA 02324.

3.    On May 19, 2008 and at all times relevant herein, the Defendant, United Site Services Northeast, Inc., was a Massachusetts corporation existing under the laws of the State of Massachusetts and doing business in the Town of Foxboro, Massachusetts with an address at 31 E. Belcher Road, Foxboro, MA 02048.

4.    On May 19, 2008 and at all times relevant herein, the Defendant, O.B. Hill Trucking & Rigging Co., Inc., was a Massachusetts corporation existing under the laws of the State of Massachusetts and doing business in the Town of Natick, Massachusetts. Address for O.B. Hill Trucking & Rigging Co., Inc. is 197 W. Central

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

Street, Natick, MA 01760.

5.    Defendant Kevin S. Minnaert is an individual with an address of 124 Woodlawn Circle, Marshfield, MA 02050.

6.    On May 19, 2008 and at all times relevant herein, the Defendant, Kevin S. Minnaert, was an agent, servant and/or employee of the Defendant, O.B. Hill Trucking & Rigging Co., Inc.

7.    On May 19, 2008 and at all times relevant herein, the Defendant, Kevin S. Minnaert was operating a motor vehicle owned by the Defendant O.B. Hill Trucking & Rigging Co., Inc. with the knowledge, permission and authority of the Defendant, O.B. Hill Trucking & Rigging Co., Inc.

8.    On May 19, 2008 and at all times relevant herein, the Defendant, Kevin S. Minnaert, and was acting within the course of his employment.

## JURISDICTION

9.    Jurisdiction is conferred upon this Court pursuant to M.G.L. Chapter 223A, Sec. 1, 2, 3.

## FACTS RELEVANT TO ALL COUNTS

10.    On May 19, 2008 and at all times relevant herein, the Defendant, Callahan, Inc., was performing work as the general contractor in connection with the

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

construction of a parking garage for the Cloverleaf Apartments, a construction project in Natick, Massachusetts, and was under a nondelegable duty to provide a safe job site.

11.    Defendants Callahan, Inc., United Site Services Northeast, Inc., and O.B. Hill Trucking & Rigging Co., Inc. had a duty of special care to provide and maintain a safe work zone.

12.    Defendants Callahan, Inc., United Site Services Northeast, Inc., and O.B. Hill Trucking & Rigging Co., Inc. breached their duty by their actions thereby causing substantial damage to Plaintiff.

13.    Defendant Kevin S. Minnaert had a duty of special care to properly and safely operate a vehicle within the work zone

14.    Defendant Kevin S. Minnaert breached his duty by his actions thereby causing substantial damage to Plaintiff.

15.    On or before May 19, 2008 and at all times relevant herein, the Defendant, United Site Service, Inc., placed a portable toilet on a sidewalk at said construction site so that the door of the portable toilet opened into the adjacent roadway and into the path of oncoming pedestrian and vehicular traffic and construction vehicles.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

16.     On May 19, 2008 the Plaintiff was struck by a truck being operated by the Defendant, Kevin S. Minnaert, when the Plaintiff exited said portable toilet and was seriously injured.

## FIRST COUNT:

### (Negligence as to the Defendant, Callahan, Inc.)

1-16.   Paragraphs one (1) through sixteen (16) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through eight (16) of the First Count as though fully set forth in the First Count.

17.     The injuries and damages sustained by the Plaintiff were proximately caused by the negligence and carelessness of the Defendant, Callahan, Inc., in that it:

      a. violated Article 50, Section 5 of the Town of Natick By-Laws by obstructing said sidewalk with a portable toilet when it knew or should have known of the potential risk of harm to occupants of said portable toilet, including the plaintiff;

      b. violated American Nation Standard (ANSI) Z4.3-2005 by allowing said portable toilet to be installed, maintained, and operated in a

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

manner that endangered the health and safety occupants, including the plaintiff.

c.  failed to properly supervise and/or instruct the safe placement of said portable toilet;

d.  directed the placement of said portable toilet on said sidewalk and in a hazardous location when it knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff;

e.  allowed said portable toilet to be placed directly adjacent to a roadway thereby requiring occupants, including the plaintiff, to cross the roadway to enter and exit said portable toilet;

f.  failed to correct the placement of said portable toilet to an area where the door of the portable toilet did not open into an adjacent roadway;

g.  failed to correct the placement of said portable toilet placed to an area where the door of the portable toilet did not obstruct the occupants view of oncoming motorists when exiting said portable toilet;

h.  failed to place signs or other devices to warn toilet occupants, including the plaintiff of the inevitable exit onto the adjacent roadway;

i.  failed to place signs or other devices to warn toilet occupants, including the plaintiff, that the portable toilet door opened into the roadway and into the path of oncoming traffic;

j.  failed to place signs or other safety devices to warn motorists that the portable toilet door opened into the roadway causing occupants to exit said portable toilet directly into their path of travel;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

k. knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff, and yet failed to correct same condition;

l. failed to protect its employees and /or employees of its agents and/or subcontractors from said hazardous and dangerous condition;

m. failed to ensure safe working conditions at said job site when, as the general contractor, it had a nondelegable duty to do so; and

n. failed to adequately inspect said work site to ensure safe working conditions existed.

18.     As a result of said Defendant's negligence and carelessness, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee.  He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body.  The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting.  The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries.  In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future.  In addition, he suffered and will in the future continue to suffer great

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

19.   As a further result of the negligence and carelessness of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

20.   As a further result of the negligence and carelessness of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

21.   At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

22.   As a further result of the negligence and carelessness of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant, Callahan, Inc., of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## SECOND COUNT

### (Negligence as to the Defendant, United Site Services Northeast, Inc.)

1-16.   Paragraphs one (1) through sixteen (16) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through sixteen (16) of the Second Count as though fully set forth in the Second Count.

17.   The injuries and damages sustained by the Plaintiff were proximately caused by the negligence and carelessness of the Defendant, United Site Services Northeast, Inc., in that it:

a.   violated Article 50, Section 5 of the Town of Natick By-Laws by obstructing said sidewalk with said portable toilet when it knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff;

b.   violated American Nation Standard (ANSI) Z4.3-2005 by installing, maintaining, and operating said portable toilet in a manner that endangered the health and safety occupants, including the plaintiff.

c.   failed to properly supervise and/or instruct its employees of a safe place for the placement of said portable toilet;

d.   placed said portable toilet on said sidewalk and in a hazardous location when it knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff;

e.   placed said portable toilet directly adjacent to a roadway thereby requiring occupants, including the plaintiff, to cross said roadway to enter and exit said portable toilet;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

f.   placed said portable toilet in a location that obstructed the occupants view of oncoming motorists when exiting said portable toilet;

g.   placed said portable toilet in a location where its door of opened into an adjacent roadway creating a hazardous and dangerous condition to occupants, including the plaintiff;

h.   failed to correct or move the placement of said portable toilet to an area where its door did not open into an adjacent roadway;

i.   failed to correct or move the placement of said portable toilet to an area where its door did not obstruct the occupants view of oncoming motorists when exiting said portable toilet;

j.   failed to place signs or other devices to warn toilet occupants, including the plaintiff, of the inevitable exit onto the adjacent roadway;

k.   failed to place signs or other devices to warn occupants, including the plaintiff, that said portable toilet door opened into the roadway and into the path of oncoming traffic;

l.   failed to place signs or other safety devices to warn oncoming motorists that the portable toilet door opened into the roadway causing occupants to exit said portable toilet directly into their path of travel;

m.   knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff, and yet failed to correct same condition; and

n.   failed to train and supervise its employees on the safe placement of portable toilets at construction sites.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

18.    As a result of said Defendant's negligence and carelessness, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee. He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body. The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting. The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

19.    As a further result of the negligence and carelessness of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

20.  As a further result of the negligence and carelessness of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

21.  At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

22.  As a further result of the negligence and carelessness of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant, United Site Services Northeast, Inc of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## THIRD COUNT:

## (Negligence as to Kevin S. Minnaert and
## O.B. Hill Trucking and Rigging Co., Inc.)

1-16.    Paragraphs one (1) through sixteen (16) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through sixteen (16) of the Third Count as though fully set forth in the Third Count.

17.    The injuries and damages sustained by the Plaintiff were proximately caused by the negligence and carelessness of the Defendant, Kevin S. Minnaert, in that he:

      a.    Failed to turn or stop said motor vehicle so as to avoid colliding with a pedestrian in violation of Chapter 90, Section 14 of the Massachusetts General Laws;

      b.    Failed to apply the brakes in a timely manner so as to avoid the Plaintiff in violation of Chapter 90, Section 14 of the Massachusetts General Laws;

      c.    Failed to keep a proper lookout and was inattentive in violation of Chapter 90, Section 7 of the Massachusetts General Laws;

      d.    Failed to keep said motor vehicle under reasonable and proper control in violation of Chapter 90, Section 7 of the Massachusetts General Laws;

      e.    Failed to equip or maintain said motor vehicle with adequate brakes in violation of Chapter 90, Section 7 of the Massachusetts General Laws;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

f.  Failed to equip or maintain said motor vehicle with an adequate horn in violation of Chapter 90, Section 7 of the Massachusetts General Laws;

g.  Failed to operate said motor vehicle at a reasonable rate of speed in violation of Chapter 90, Section 17 of the Massachusetts General Laws;

h.  Operated said vehicle at an unreasonable rate of speed having no regard for the traffic conditions then and there existing in violation of Chapter 90, Section 17 of the Massachusetts General Laws;

i.  Operated said motor vehicle recklessly without having regard to the width, traffic, pedestrian traffic and use of said construction site roadway in violation of Chapter 90, Section 18A of the Massachusetts General Laws ;

j.  Failed to grant the right of way to the Plaintiff in violation of Chapter 90, Section 18A of the Massachusetts General Laws;

k.  Failed to sound his horn or otherwise warn the Plaintiff in violation of Chapter 90, Section 14 of the Massachusetts General Laws;

l.  Failed to turn or stop his motor vehicle so as to avoid colliding with the Plaintiff in violation of Chapter 90, Section 14 of the Massachusetts General Laws;

m. Failed to apply his brakes in a timely manner so as to avoid colliding with the Plaintiff in violation of Chapter 90, Section 14 of the Massachusetts General Laws;

n.  Failed to keep a proper lookout and was inattentive;

o.  Failed to keep said motor vehicle under reasonable and proper control;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

p.  Failed to turn or stop said motor vehicle so as to avoid colliding with the plaintiff, a pedestrian;

q.  Failed to operate said motor vehicle at a reasonable rate of speed;

r.  Struck the Plaintiff as he was crossing the street;

s.  Failed to apply the brakes in a timely manner so as to avoid the impending collision; and

t.  Failed to sound the horn or otherwise warn the Plaintiff of the impending collision;

18.  As a result of said Defendant's negligence and carelessness, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee.  He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body.  The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting.  The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries.  In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future.  In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

19.    As a further result of the negligence and carelessness of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

20.    As a further result of the negligence and carelessness of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

21.    At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

22.    As a further result of the negligence and carelessness of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

WHEREFORE, plaintiff prays for judgment against the defendants O.B. Hill Trucking & Rigging Company, Inc., and Kevin S. Minnaert of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

## FOURTH COUNT:
### (Recklessness as to the Defendant United Site Services Northeast, Inc.)

1-16.  Paragraphs one (1) through sixteen (16) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through sixteen (16) of the Fourth Count as though fully set forth in the Fourth Count.

17.    At all relevant times, the Defendant, United Site Services Northeast, Inc., was well aware that the placement of said portable toilet at a hazardous and dangerous location on said sidewalk so that it opened into an adjacent roadway which was traveled by motor vehicles, tractor trailer trucks, and other construction vehicles and so that occupants, including the plaintiff, when exiting said portable toilet were required to enter said roadway while their view of oncoming traffic was obstructed by the toilet door.

18.    Despite the aforesaid knowledge, said Defendant, United Site Services Northeast, Inc., consciously disregarded the inherent risks at this site and placed said

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

portable toilet at said location creating a dangerous and hazardous condition for those using said portable toilet, including the plaintiff.

19.     The injuries and damages sustained by the Plaintiff were proximately caused by the reckless misconduct of the Defendant, United Site Services Northeast, Inc., in that it:

a. disregarded the obvious risk of injury to those using said portable toilet, including the plaintiff, by positioning said portable toilet in a direction so that it opened into an adjacent roadway requiring occupants to enter the roadway when exiting said portable toilet;

b. disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by placing said portable toilet on a sidewalk adjacent to a roadway thereby requiring those entering and exiting said portable toilet, including the plaintiff, to travel across a construction site roadway heavily traveled by motor vehicles, tractor trailers, and other construction vehicles;

c. disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by placing said portable toilet on a sidewalk and adjacent to a heavily traveled roadway where the those exiting the portable toilet, including the plaintiff, would be required to open its door into said roadway and in the direction of approaching traffic thereby obstructing the view of oncoming motorists;

d. disregarded the safety of those using the portable toilet, including the plaintiff, by refusing to place warning signs, cones, barricades or other such equipment to alert oncoming motorists of the unsafe and hazardous conditions;

e. disregarded the safety of those using the portable toilet, including the plaintiff, by refusing to place signs or other devices to warn toilet

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

occupants of the inevitable exit onto the adjacent roadway;

20.    As a result of said Defendant's reckless misconduct, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee.  He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body.  The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting.  The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries.  In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future.  In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

21.    As a further result of the reckless misconduct of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

**THE REARDON LAW FIRM, P.C.**
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

22.   As a further result of the reckless misconduct of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

23.   At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

24.   As a further result of the reckless misconduct of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant United Site Services Northeast, Inc of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

## FIFTH COUNT:
### (Recklessness as to the Defendant, Callahan, Inc.)

1-16.   Paragraphs one (1) through sixteen (16) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through sixteen (16) of the Fifth

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

Count as though fully set forth in the Fifth Count.

17.    At all relevant times, the Defendant Callahan, Inc., was well aware that the placement of said portable toilet at a hazardous and dangerous location on said sidewalk so that it opened into an adjacent roadway traveled by motor vehicles, tractor trailer trucks, and other construction vehicles and so that occupants when exiting said portable toilet were required to enter said roadway while their view of oncoming traffic was obstructed by the portable toilet door.

18.    Despite the aforesaid knowledge, the Defendant Callahan, Inc. consciously disregarded the inherent risks at this site and directed the placement of said portable toilet at said location creating a dangerous and hazardous condition for those using said portable toilet, including the plaintiff.

19.    The injuries and damages sustained by the Plaintiff were proximately caused by the reckless misconduct of the Defendant, Callahan, Inc., in that it:

a.    disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by directing the placement of said portable toilet so that it opened into an adjacent roadway requiring occupants to enter the roadway when exiting said portable toilet;

b.    disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by directing the placement of said portable toilet on a sidewalk adjacent to a roadway thereby requiring those entering and exiting said portable toilet, including the plaintiff, to travel across a

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

construction site roadway heavily traveled by motor vehicles, tractor trailers, and other construction vehicles;

c.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by directing the placement of said portable toilet on a sidewalk and adjacent to a heavily traveled roadway where the those exiting the portable toilet, including the plaintiff, would be required to open the portable toilet door into the roadway and in the direction of approaching traffic thereby obstructing the view of oncoming motorists;

d.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by allowing the placement of said portable toilet in a direction so that it opened into an adjacent roadway requiring occupants to enter the roadway when exiting said portable toilet when it knew or should have known of said dangerous condition;

e.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by allowing the placement of said portable toilet on a sidewalk adjacent to a roadway thereby requiring those entering and exiting said portable toilet, including the plaintiff, to travel across a construction site roadway heavily traveled by motor vehicles, tractor trailers, and other construction vehicles when it knew or should have known of said dangerous condition;

f.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by allowing the placement of said portable toilet on a sidewalk and adjacent to a heavily traveled roadway where the those exiting the portable toilet, including the plaintiff, would be required to open the portable toilet door into the roadway and in the direction of approaching traffic thereby obstructing the view of oncoming motorists when it knew or should have known of said dangerous condition;

g.  disregarded the safety of those using the portable toilet, including the plaintiff, by refusing to place warning signs, cones, barricades or other such equipment to alert oncoming motorists of the unsafe and hazardous conditions;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

h. disregarded the safety of those using the portable toilet, including the plaintiff, by refusing to place signs or other devices to warn toilet occupants of the inevitable exit onto the adjacent roadway;

20. As a result of said Defendant's reckless misconduct, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee. He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body. The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting. The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

21. As a further result of the reckless misconduct of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

22.  As a further result of the reckless misconduct of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

23.  At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

24.  As a further result of the reckless misconduct of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant Callahan, Inc. of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

**THE REARDON LAW FIRM, P.C.**
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

Dated: SEPTEMBER 7, 2010

THE PLAINTIFF

By /s/ Joseph M. Barnes
Joseph M. Barnes, Esq.  (ct27419)
THE REARDON LAW FIRM, P.C.
160 Hempstead Street
New London, CT  06320
(860) 442-0444 Telephone
(860) 444-6445 Facsimile
jbarnes@reardonlaw.com

Page **26** of **27**

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as registered participants on September 7, 2010.

David R. Cain, Esq.
Law Offices of Brown & Black
10 St. James Avenue
Boston, MA  02116
*Counsel for the Defendant, United Site Services, Inc.*

John J. McGivney, Esq.
Scott A. Aftuck, Esq.
Rubin & Rudman, LLP
50 Rowes Wharf
Boston, MA  02110
*Counsel for the Defendant, Callahan, Inc.*

Thomas W. Belliveau, Esq.
Fuller, Rosenberg, Palmer & Beliveau, LLP
339 Main Street
Worcester, MA  01608
*Counsel for the Defendants, O.B. Hill Trucking & Rigging, Co., Inc. and Kevin S. Minneart*

/s/ Joseph M. Barnes
Joseph M. Barnes, Esq.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515