UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
PAUL J. HAYNES,                         )      CIVIL ACTION
                                        )      NO. 09-CV-40219-TSH
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
CALLAGHAN, INC., UNITED SITE SERVICES,  )
INC. O.B. HILL TRUCKING & RIGGING, CO., )
INC., and KEVIN S. MINNAERT,            )
                                        )
        Defendants.                     )
_____ )
                                        )
CALLAGHAN, INC.,                        )
                                        )
        Third-Party Plaintiff,          )
                                        )
v.                                      )
                                        )
JOSEPH P. CARRARA & SONS, INC., a/k/a   )
J.P. CARRARA & SONS, INC.,              )
                                        )
        Third-Party Defendant.          )
_____ )
                                        )
JOSEPH P. CARRARA & SONS, INC., a/k/a   )
J.P. CARRARA & SONS, INC.,              )
                                        )
        Fourth-Party Plaintiff,         )
                                        )
v.                                      )
                                        )
PRIME STEEL ERECTING, INC.,             )
                                        )
        Fourth-Party Defendant.         )
_____ )
                                        )
PRIME STEEL ERECTING, INC.,             )
                                        )
        Fifth-Party Plaintiff.          )
                                        )
v.                                      )
                                        )
THE SMEDLEY COMPANY,                    )
                                        )
        Fifth-Party Defendant.          )
_____ )

{00236909.DOC}

### FIFTH PARTY COMPLAINT OF FOURTH-PARTY DEFENDANT/FIFTH PARTY PLAINTIFF PRIME STEEL ERECTING, INC. AGAINST FIFTH PARTY DEFENDANT THE SMEDLEY COMPANY

Prime Steel Erecting, Inc. ("Prime Steel"), Fourth-Party Defendant, and Fifth-Party Plaintiff alleges for its Fifth Party Complaint as follows:

1.      Prime Steel is informed and believes, and therefore avers, that Defendant/Third-Party Plaintiff Callahan, Inc. (**"Callahan"**) is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 80 First Street, Bridgewater, Massachusetts.

2.      Prime Steel is informed and believes, and therefore avers, that Third-Party Defendant Joseph P. Carrara & Sons, Inc. a/k/a J.P. Carrara & Sons, Inc. ("Carrara") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a place of business at 167 N. Shrewsbury Road, North Clarendon, Vermont 05759.

3.      Fourth-Party Defendant and Fifth Party Plaintiff, Prime Steel Erecting, Inc ("Prime Steel"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 7 Sullivan Road, N. Billerica, Massachusetts.

4.      Prime Steel is informed and believes, and therefore avers, that Fifth-Party Defendant, The Smedley Company ("Smedley"), is a corporation organized and existing under the laws of the State of Connecticut, with a principal place of business at 40 Flax Mill Road, Brandford, Connecticut and a registered agent in Massachusetts at Cetrullo & Capane, LLP, 2 Seaport Lane, Boston, Massachusetts.

### FACTS

5.      In his Amended Complaint, plaintiff Haynes alleges, <u>inter alia</u>, that on May 19, 2008, he sustained personal injuries when he was struck by a truck when exiting a portable toilet

{00236909.DOC}

at the site of a construction project in Natick, Massachusetts, called the Cloverleaf Apartments ("Project") ("Incident").

6.      Prime Steel is informed and believes, and therefore avers, that Mr. Haynes was an employee of Smedley at the time of the Incident.

7.      Prime Steel is informed and believes, and therefore avers, that Callahan was the general contractor for the Project and is named by Mr. Haynes as a Defendant .

8.      Prime Steel is informed and believes, and therefore avers, that Carrara contracted with Callahan to perform certain concrete work for the Project

9.      Prime Steel is informed and believes, and therefore avers, that Carrara was a sub-contractor for the Project and was is named by Callahan as a Third-Party Defendant.

10.      Prime Steel entered into an agreement with Carrara to perform certain work on the Project.

11.      Prime Steel was a sub-contractor of Carrera for the Project and was named by Carrara as a Fourth-Party Defendant in this action.

12.      On or about May 8, 2008, Prime Steel and Smedley entered into a written subcontract (the "Subcontract") wherein Smedley agreed to perform certain work for the Project.

13.      Smedley, the employer of Mr. Haynes, was a sub-contractor for the Project.

14.      Pursuant to the terms of the Subcontract, Smedley owes contractual indemnity obligations to Prime Steel.

15.      Pursuant to the Subcontract, Smedley was also obligated to name Prime Steel as an additional insured.

16.      Prime Steel is informed and believes, and therefore avers, that Smedley added Prime Steel to its general liability insurance policy as an additional insured.

17.    To date, Smedley has not indemnified Prime Steel pursuant to the Subcontract.

## COUNT I - CONTRACTUAL INDEMNIFICATION

18.    Prime Steel incorporates and repeats the allegations in paragraphs 1 through 17 of this Fifth-Party Complaint, inclusive, as if set forth in full herewith.

19.    Smedley is contractually obligated to defend and indemnify Prime Steel against the allegations asserted in this action pursuant to the Subcontract.

20.    Smedley has not satisfied its contractual indemnification obligations to Prime Steel and Prime Steel has suffered damages, including but not limited to the cost to defend against the allegations of the Fourth-Party Complaint, including attorney's fees, costs and interest.

21.    Prime Steel is entitled to contractual indemnification from Smedley.

## COUNT II - BREACH OF CONTRACT

22.    Prime Steel incorporates and repeats the allegations in paragraphs 1 through 17 and 19 through 21 of this Fifth-Party Complaint, inclusive, as if set forth in full herewith.

23.    By not complying with its contractual obligations to indemnify Prime Steel and Smedley has acted in breach of the Subcontract.

24.    Prime Steel is entitled to recover from Smedley for breach of contract.

WHEREFORE, Fifth-Party Plaintiff Prime Steel Erecting, Inc. requests that this Court:

1.    enter judgment for Prime Steel Erecting, Inc. and against The Smedley Company on the Fifth-Party Complaint;

2.    enter a judgment that The Smedley Company is required to defend and indemnify Prime Steel Erecting, Inc. in this action

{00237152.DOC}    -4-

3. award Prime Steel Erecting, Inc. its damages from Fifth-Party Defendant The Smedley Company, including attorneys' fees, costs and interest, as well as indemnification for any potential judgment entered against Fifth-Party Plaintiff Prime Steel Erecting, Inc. in this action;

4. award Fifth-Party Plaintiff Prime Steel Erecting, Inc. its costs and expenses in this action, including its attorneys' fees; and

5. grant such other and further relief to Fifth-Party Plaintiff Prime Steel Erecting, Inc. as this Court deems proper and just.

<u>JURY CLAIM</u>

Pursuant to Fed. R. Civ. P. 38, Fifth-Party Plaintiff Prime Steel Erecting, Inc. demands a trial by jury on all issues.

By its attorneys,

/s/ Paul Michienzie

Dated:  October 4, 2010

/s/ Richard E. Bennett
Paul Michienzie,    BBO# 548701
Richard E. Bennett, BBO# 037740
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel: (617) 227-5660

Counsel for Fourth-Party Defendant
and Fifth-Party Plaintiff
Prime Steel Erecting, Inc.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent to those indicated as non-registered participants via first class mail, postage prepaid on October 4, 2010.

/s/ Paul Michienzie