UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAUL J. HAYNES
        *Plaintiff*

v.

CALLAHAN, INC., UNITED SITE SERVICES
NORTHEAST, INC., O.B. HILL TRUCKING &
RIGGING CO., INC., KEVIN S. MINNEART,
JOSEPH P. CARRARA & SONS, INC. A/K/A
J.P. CARRARA & SONS, INC., and PRIME
STEEL ERECTING, INC.
        *Defendants*

Civil Action No.: 4:09-cv-40219

**LEAVE TO FILE
GRANTED ON 10/29/10**

CALLAHAN, INC.,
        *Third-Party Plaintiff,*

v.

JOSEPH P. CARRARA & SONS, INC. A/K/A
J.P. CARRARA & SONS, INC.,
        *Defendants*

## PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW the plaintiff, PAUL HAYNES, by and through his undersigned

attorney, Joseph M. Barnes, and amends his complaint and sues the defendants,

CALLAHAN, INC., UNITED SITE SERVICES NORTHEAST, INC., O.B. HILL

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

TRUCKING & RIGGING COMPANY, INC., KEVIN S. MINNAERT, JOSEPH P. CARRARA & SONS, INC. a/k/a J.P. CARRARA & SONS, INC. and PRIME STEEL ERECTING, INC. and alleges, avers and states as follows:

## PARTIES

1.      Plaintiff, Paul Haynes is an individual, whose residence is 2175 Plainfield Pike, Greene, RI 02827 and who was employed by The Smedley Company, Inc, 40 Flax Mill Road, Branford, CT 06406 at all times relevant herein. The plaintiff was not an employee of any of the defendants.

2.      On May 19, 2008 and at all times relevant herein, the Defendant, Callahan, Inc. was a Massachusetts corporation existing under the laws of the State of Massachusetts and doing business in the Town of Bridgewater, Massachusetts with an address of 80 First Street, Bridgewater, MA 02324.

3.      On May 19, 2008 and at all times relevant herein, the Defendant, United Site Services Northeast, Inc., was a Massachusetts corporation existing under the laws of the State of Massachusetts and doing business in the Town of Foxboro, Massachusetts with an address at 31 E. Belcher Road, Foxboro, MA  02048.

4.      On May 19, 2008 and at all times relevant herein, the Defendant, Joseph P. Carrara & Sons, Inc. a/k/a J.P. Carrara & Sons, Inc. ("J.P. Carrara"), was a Massachusetts corporation existing under the laws of the State of Vermont with a

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

place of business at 167 N. Shrewsbury Road, North Clarendon, Vermont 05759.

5. On May 19, 2008 and at all times relevant herein, the Defendant, Prime Steel Erecting, Inc., was a Massachusetts corporation existing under the laws of the State of Massachusetts with a place of business at 7 Sullivan Road, North Billerica, Massachusetts 01862

6. On May 19, 2008 and at all times relevant herein, the Defendant, O.B. Hill Trucking & Rigging Co., Inc., was a Massachusetts corporation existing under the laws of the State of Massachusetts and doing business in the Town of Natick, Massachusetts. Address for O.B. Hill Trucking & Rigging Co., Inc. is 197 W. Central Street, Natick, MA 01760.

7. Defendant Kevin S. Minnaert is an individual with an address of 124 Woodlawn Circle, Marshfield, MA 02050.

8. On May 19, 2008 and at all times relevant herein, the Defendant, Kevin S. Minnaert, was an agent, servant and/or employee of the Defendant, O.B. Hill Trucking & Rigging Co., Inc.

9. On May 19, 2008 and at all times relevant herein, the Defendant, Kevin S. Minnaert was operating a motor vehicle owned by the Defendant O.B. Hill Trucking & Rigging Co., Inc. with the knowledge, permission and authority of the

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

Defendant, O.B. Hill Trucking & Rigging Co., Inc.

10.    On May 19, 2008 and at all times relevant herein, the Defendant, Kevin S. Minnaert, and was acting within the course of his employment.

## JURISDICTION

11.    The Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because there is complete diversity between the parties.

## FACTS RELEVANT TO ALL COUNTS

12.    On May 19, 2008 and at all times relevant herein, the Defendant, Callahan, Inc., was performing work as the general contractor in connection with the construction of a parking garage for the Cloverleaf Apartments, a construction project in Natick, Massachusetts, and was under a nondelegable duty to provide a safe job site.

13.    On May 19, 2008 and at all times relevant herein, the defendant United Site Services Northeast, Inc. provided portable sanitation services and portable toilets for said Cloverleaf Apartment construction project for use by workers, including the plaintiff.

14.    On May 19, 2008 and at all times relevant herein, the defendant O.B. Hill Trucking & Rigging Co., Inc was a contractor providing and/or performing crane

Page **4** of **54**

and rigging work at said Cloverleaf Apartment construction project.

15.    On May 19, 2008 and at all times relevant herein, the defendant J.P. Carrara, Inc was a contractor providing and/or performing concrete work at said Cloverleaf Apartment construction project.

16.    On May 19, 2008 and at all times relevant herein, the defendant Prime Steel Erecting, Inc. was a contractor providing and/or performing concrete work at said Cloverleaf Apartment construction project.

17.    On or before May 19, 2008 and at all times relevant herein, a portable toilet was placed on a sidewalk at said Cloverleaf Apartment construction site so that the door of the portable toilet opened into the adjacent roadway and into the path of oncoming pedestrian and vehicular traffic and construction vehicles.

18.    On May 19, 2008 the Plaintiff was struck by a truck being operated by the Defendant, Kevin S. Minnaert, when the Plaintiff exited said portable toilet and was seriously injured.

## FIRST COUNT
### (Negligence as to Kevin S. Minnaert andO.B. Hill Trucking and Rigging Co., Inc.)

1-18.    Paragraphs one (1) through eighteen (18) of the Complaint are hereby

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

reincorporated and realleged as paragraphs one (1) through eighteen (18) of the First Count as though fully set forth in the First Count.

19.     The injuries and damages sustained by the Plaintiff were proximately caused by the negligence and carelessness of the Defendant, Kevin S. Minnaert, in that he:

a. Failed to turn or stop said motor vehicle so as to avoid colliding with a pedestrian in violation of  Chapter 90, Section 14 of the Massachusetts General Laws;

b. Failed to apply the brakes in a timely manner so as to avoid the Plaintiff in violation of Chapter 90, Section 14 of the Massachusetts General Laws;

c. Failed to keep a proper lookout and was inattentive in violation of Chapter 90, Section 7 of the Massachusetts General Laws;

d. Failed to keep said motor vehicle under reasonable and proper control in violation of Chapter 90, Section 7 of the Massachusetts General Laws;

e. Failed to equip or maintain said motor vehicle with adequate brakes in violation of Chapter 90, Section 7 of the Massachusetts General Laws;

f. Failed to equip or maintain said motor vehicle with an adequate horn in violation of Chapter 90, Section 7 of the Massachusetts General Laws;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

g.  Failed to operate said motor vehicle at a reasonable rate of speed in violation of Chapter 90, Section 17 of the Massachusetts General Laws;

h.  Operated said vehicle at an unreasonable rate of speed having no regard for the traffic conditions then and there existing in violation of Chapter 90, Section 17 of the Massachusetts General Laws;

i.  Operated said motor vehicle recklessly without having regard to the width, traffic, pedestrian traffic and use of said construction site roadway in violation of Chapter 90, Section 18A of the Massachusetts General Laws ;

j.  Failed to grant the right of way to the Plaintiff in violation of Chapter 90, Section 18A of the Massachusetts General Laws;

k.  Failed to sound his horn or otherwise warn the Plaintiff in violation of Chapter 90, Section 14 of the Massachusetts General Laws;

l.  Failed to turn or stop his motor vehicle so as to avoid colliding with the Plaintiff in violation of Chapter 90, Section 14 of the Massachusetts General Laws;

m.  Failed to apply his brakes in a timely manner so as to avoid colliding with the Plaintiff in violation of Chapter 90, Section 14 of the Massachusetts General Laws;

n.  Failed to keep a proper lookout and was inattentive;

o.  Failed to keep said motor vehicle under reasonable and proper control;

p.  Failed to turn or stop said motor vehicle so as to avoid colliding with the plaintiff, a pedestrian;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

q. Failed to operate said motor vehicle at a reasonable rate of speed;

r. Struck the Plaintiff as he was crossing the street;

s. Failed to apply the brakes in a timely manner so as to avoid the impending collision; and

t. Failed to sound the horn or otherwise warn the Plaintiff of the impending collision;

20. As a result of said Defendant's negligence and carelessness, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee. He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body. The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting. The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

21.    As a further result of the negligence and carelessness of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

22.    As a further result of the negligence and carelessness of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

23.    At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

24.    As a further result of the negligence and carelessness of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

WHEREFORE, plaintiff prays for judgment against the defendants O.B. Hill Trucking & Rigging Company, Inc., and Kevin S. Minnaert of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

## SECOND COUNT

### (Negligence as to the Defendant, Callahan, Inc.)

1-18.   Paragraphs one (1) through eighteen (18) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through eighteen (18) of the Second Count as though fully set forth in the Second Count.

19.   At all times relevant herein Defendant Callahan, Inc., had a duty of special care to provide and maintain a safe work zone at said construction site.

20.   The injuries and damages sustained by the Plaintiff were proximately caused by the negligence and carelessness of the Defendant, Callahan, Inc., in that it:

   a. violated Article 50, Section 5 of the Town of Natick By-Laws by obstructing said sidewalk with a portable toilet when it knew or should have known of the potential risk of harm to occupants of said portable toilet, including the plaintiff;

   b. violated American Nation Standard (ANSI) Z4.3-2005 by allowing said portable toilet to be installed, maintained, and operated in a

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

manner that endangered the health and safety occupants, including the plaintiff.

c.  failed to properly supervise and/or instruct the safe placement of said portable toilet;

d.  directed the placement of said portable toilet on said sidewalk and in a hazardous location when it knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff;

e.  allowed said portable toilet to be placed directly adjacent to a roadway thereby requiring occupants, including the plaintiff, to cross the roadway to enter and exit said portable toilet;

f.  failed to correct the placement of said portable toilet to an area where the door of the portable toilet did not open into an adjacent roadway;

g.  failed to correct the placement of said portable toilet placed to an area where the door of the portable toilet did not obstruct the occupants view of oncoming motorists when exiting said portable toilet;

h.  failed to place signs or other devices to warn toilet occupants, including the plaintiff of the inevitable exit onto the adjacent roadway;

i.  failed to place signs or other devices to warn toilet occupants, including the plaintiff, that the portable toilet door opened into the roadway and into the path of oncoming traffic;

j.  failed to place signs or other safety devices to warn motorists that the portable toilet door opened into the roadway causing occupants to exit said portable toilet directly into their path of travel;

**THE REARDON LAW FIRM, P.C.**
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

k.  knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff, and yet failed to correct same condition;

l.  failed to protect its employees and /or employees of its agents and/or subcontractors from said hazardous and dangerous condition;

m.  failed to ensure safe working conditions at said job site when, as the general contractor, it had a nondelegable duty to do so;

n.  failed to adequately inspect said work site to ensure safe working conditions existed;

o.  failed to properly supervise and/or instruct its employees of a safe place for the placement of said portable toilet;

p.  placed said portable toilet on said sidewalk and in a hazardous location when it knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff;

q.  placed said portable toilet directly adjacent to a roadway thereby requiring occupants, including the plaintiff, to cross said roadway to enter and exit said portable toilet;

r.  placed said portable toilet in a location that obstructed the occupants view of oncoming motorists when exiting said portable toilet;  and

s.  placed said portable toilet in a location where its door of opened into an adjacent roadway creating a hazardous and dangerous condition to occupants, including the plaintiff.

21.  As a result of said Defendant's negligence and carelessness, the

Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

tibia with damage to the articular cartilage and meniscus in his right knee.  He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body.  The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting.  The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries.  In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future.  In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

22.    As a further result of the negligence and carelessness of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

23.    As a further result of the negligence and carelessness of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

24.   At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

25.   As a further result of the negligence and carelessness of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant, Callahan, Inc., of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

## THIRD COUNT

### (Recklessness as to the Defendant, Callahan, Inc.)

1-18.   Paragraphs one (1) through eighteen (18) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through eighteen (18) of the

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

Third Count as though fully set forth in the Third Count.

19.    At all relevant times, the Defendant Callahan, Inc., was well aware that the placement of said portable toilet at a hazardous and dangerous location on said sidewalk so that it opened into an adjacent roadway traveled by motor vehicles, tractor trailer trucks, and other construction vehicles and so that occupants when exiting said portable toilet were required to enter said roadway while their view of oncoming traffic was obstructed by the portable toilet door.

20.    Despite the aforesaid knowledge, the Defendant Callahan, Inc. consciously disregarded the inherent risks at this site and directed the placement of said portable toilet at said location creating a dangerous and hazardous condition for those using said portable toilet, including the plaintiff.

21.    The injuries and damages sustained by the Plaintiff were proximately caused by the reckless misconduct of the Defendant, Callahan, Inc., in that it:

    a.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by directing the placement of said portable toilet so that it opened into an adjacent roadway requiring occupants to enter the roadway when exiting said portable toilet;

    b.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by directing the placement of said portable toilet on a sidewalk adjacent to a roadway thereby requiring those entering and exiting said portable toilet, including the plaintiff, to travel across a

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

construction site roadway heavily traveled by motor vehicles, tractor trailers, and other construction vehicles;

c.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by directing the placement of said portable toilet on a sidewalk and adjacent to a heavily traveled roadway where the those exiting the portable toilet, including the plaintiff, would be required to open the portable toilet door into the roadway and in the direction of approaching traffic thereby obstructing the view of oncoming motorists;

d.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by allowing the placement of said portable toilet in a direction so that it opened into an adjacent roadway requiring occupants to enter the roadway when exiting said portable toilet when it knew or should have known of said dangerous condition;

e.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by allowing the placement of said portable toilet on a sidewalk adjacent to a roadway thereby requiring those entering and exiting said portable toilet, including the plaintiff, to travel across a construction site roadway heavily traveled by motor vehicles, tractor trailers, and other construction vehicles when it knew or should have known of said dangerous condition;

f.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by allowing the placement of said portable toilet on a sidewalk and adjacent to a heavily traveled roadway where the those exiting the portable toilet, including the plaintiff, would be required to open the portable toilet door into the roadway and in the direction of approaching traffic thereby obstructing the view of oncoming motorists when it knew or should have known of said dangerous condition;

g.  disregarded the safety of those using the portable toilet, including the plaintiff, by refusing to place warning signs, cones, barricades or other such equipment to alert oncoming motorists of the unsafe and hazardous conditions;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

h.  disregarded the safety of those using the portable toilet, including the plaintiff, by refusing to place signs or other devices to warn toilet occupants of the inevitable exit onto the adjacent roadway;

22.    As a result of said Defendant's reckless misconduct, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee.  He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body.  The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting.  The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries.  In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future.  In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

23.    As a further result of the reckless misconduct of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

24.    As a further result of the reckless misconduct of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

25.    At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

26.    As a further result of the reckless misconduct of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant Callahan, Inc. of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## FOURTH COUNT

### (Negligence as to the Defendant, United Site Services Northeast, Inc.)

1-18.   Paragraphs one (1) through eighteen (18) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through eighteen (18) of the Fourth Count as though fully set forth in the Fourth Count.

19.   At all times relevant herein Defendant United Site Services Northeast, Inc., had a duty of special care to provide and maintain a safe work zone at said construction site.

20.   The injuries and damages sustained by the Plaintiff were proximately caused by the negligence and carelessness of the Defendant, United Site Services Northeast, Inc., in that it:

    a. violated Article 50, Section 5 of the Town of Natick By-Laws by obstructing said sidewalk with said portable toilet when it knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff;

    b. violated American Nation Standard (ANSI) Z4.3-2005 by installing, maintaining, and operating said portable toilet in a manner that endangered the health and safety occupants, including the plaintiff.

    c. failed to properly supervise and/or instruct its employees of a safe place for the placement of said portable toilet;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

d.  placed said portable toilet on said sidewalk and in a hazardous location when it knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff;

e.  placed said portable toilet directly adjacent to a roadway thereby requiring occupants, including the plaintiff, to cross said roadway to enter and exit said portable toilet;

f.  placed said portable toilet in a location that obstructed the occupants view of oncoming motorists when exiting said portable toilet;

g.  placed said portable toilet in a location where its door of opened into an adjacent roadway creating a hazardous and dangerous condition to occupants, including the plaintiff;

h.  failed to correct or move the placement of said portable toilet to an area where its door did not open into an adjacent roadway;

i.  failed to correct or move the placement of said portable toilet to an area where its door did not obstruct the occupants view of oncoming motorists when exiting said portable toilet;

j.  failed to place signs or other devices to warn toilet occupants, including the plaintiff, of the inevitable exit onto the adjacent roadway;

k.  failed to place signs or other devices to warn occupants, including the plaintiff, that said portable toilet door opened into the roadway and into the path of oncoming traffic;

l.  failed to place signs or other safety devices to warn oncoming motorists that the portable toilet door opened into the roadway causing occupants to exit said portable toilet directly into their path of travel;

**THE REARDON LAW FIRM, P.C.**
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

m. knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff, and yet failed to correct same condition; and

n. failed to train and supervise its employees on the safe placement of portable toilets at construction sites.

21.    As a result of said Defendant's negligence and carelessness, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee.  He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body.  The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting.  The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries.  In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future.  In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

22.    As a further result of the negligence and carelessness of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

23.    As a further result of the negligence and carelessness of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

24.    At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

25.    As a further result of the negligence and carelessness of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant, United Site Services Northeast, Inc of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## FIFTH COUNT

**(Recklessness as to the Defendant United Site Services Northeast, Inc.)**

1-18.   Paragraphs one (1) through eighteen (18) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through eighteen (18) of the Fifth Count as though fully set forth in the Fifth Count.

19.   At all relevant times, the Defendant, United Site Services Northeast, Inc., was well aware that the placement of said portable toilet at a hazardous and dangerous location on said sidewalk so that it opened into an adjacent roadway which was traveled by motor vehicles, tractor trailer trucks, and other construction vehicles and so that occupants, including the plaintiff, when exiting said portable toilet were required to enter said roadway while their view of oncoming traffic was obstructed by the toilet door.

20.   Despite the aforesaid knowledge, said Defendant, United Site Services Northeast, Inc., consciously disregarded the inherent risks at this site and placed said portable toilet at said location creating a dangerous and hazardous condition for those using said portable toilet, including the plaintiff.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

21.    The injuries and damages sustained by the Plaintiff were proximately caused by the reckless misconduct of the Defendant, United Site Services Northeast, Inc., in that it:

a.  disregarded the obvious risk of injury to those using said portable toilet, including the plaintiff, by positioning said portable toilet in a direction so that it opened into an adjacent roadway requiring occupants to enter the roadway when exiting said portable toilet;

b.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by placing said portable toilet on a sidewalk adjacent to a roadway thereby requiring those entering and exiting said portable toilet, including the plaintiff, to travel across a construction site roadway heavily traveled by motor vehicles, tractor trailers, and other construction vehicles;

c.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by placing said portable toilet on a sidewalk and adjacent to a heavily traveled roadway where the those exiting the portable toilet, including the plaintiff, would be required to open its door into said roadway and in the direction of approaching traffic thereby obstructing the view of oncoming motorists;

d.  disregarded the safety of those using the portable toilet, including the plaintiff, by refusing to place warning signs, cones, barricades or other such equipment to alert oncoming motorists of the unsafe and hazardous conditions;

e.  disregarded the safety of those using the portable toilet, including the plaintiff, by refusing to place signs or other devices to warn toilet occupants of the inevitable exit onto the adjacent roadway;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

22.    As a result of said Defendant's reckless misconduct, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee.  He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body.  The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting.  The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries.  In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future.  In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

23.    As a further result of the reckless misconduct of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

24.   As a further result of the reckless misconduct of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

25.   At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

26.   As a further result of the reckless misconduct of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant United Site Services Northeast, Inc of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## SIXTH COUNT

### (Negligence as to O.B. Hill Trucking and Rigging Co., Inc.)

1-18.   Paragraphs one (1) through eighteen (18) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through eighteen (18) of the Sixth Count as though fully set forth in the Sixth Count.

19.   At all times relevant herein Defendant O.B. Hill Trucking and Rigging Co., Inc., had a duty of special care to provide and maintain a safe work zone at said construction site.

20.   The injuries and damages sustained by the Plaintiff were proximately caused by the negligence and carelessness of the Defendant, O.B. Hill Trucking and Rigging Co., Inc., in that it:

a.   violated Article 50, Section 5 of the Town of Natick By-Laws by obstructing said sidewalk with a portable toilet when it knew or should have known of the potential risk of harm to occupants of said portable toilet, including the plaintiff;

b.   violated American Nation Standard (ANSI) Z4.3-2005 by allowing said portable toilet to be installed, maintained, and operated in a manner that endangered the health and safety occupants, including the plaintiff.

c.   failed to properly supervise and/or instruct the safe placement of said portable toilet;

d.   directed the placement of said portable toilet on said sidewalk and in a hazardous location when it knew or should have known of the

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

potential risk of harm to occupants of the portable toilet, including the plaintiff;

e. allowed said portable toilet to be placed directly adjacent to a roadway thereby requiring occupants, including the plaintiff, to cross the roadway to enter and exit said portable toilet;

f. failed to correct the placement of said portable toilet to an area where the door of the portable toilet did not open into an adjacent roadway;

g. failed to correct the placement of said portable toilet placed to an area where the door of the portable toilet did not obstruct the occupants view of oncoming motorists when exiting said portable toilet;

h. failed to place signs or other devices to warn toilet occupants, including the plaintiff of the inevitable exit onto the adjacent roadway;

i. failed to place signs or other devices to warn toilet occupants, including the plaintiff, that the portable toilet door opened into the roadway and into the path of oncoming traffic;

j. failed to place signs or other safety devices to warn motorists that the portable toilet door opened into the roadway causing occupants to exit said portable toilet directly into their path of travel;

k. knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff, and yet failed to correct same condition;

l. failed to protect its employees and /or employees of its agents and/or subcontractors from said hazardous and dangerous condition;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

m. failed to ensure safe working conditions at said job site when, as the general contractor, it had a nondelegable duty to do so;

n. failed to adequately inspect said work site to ensure safe working conditions existed;

o. failed to properly supervise and/or instruct its employees of a safe place for the placement of said portable toilet;

p. placed said portable toilet on said sidewalk and in a hazardous location when it knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff;

q. placed said portable toilet directly adjacent to a roadway thereby requiring occupants, including the plaintiff, to cross said roadway to enter and exit said portable toilet;

r. placed said portable toilet in a location that obstructed the occupants view of oncoming motorists when exiting said portable toilet; and

s. placed said portable toilet in a location where its door of opened into an adjacent roadway creating a hazardous and dangerous condition to occupants, including the plaintiff.

21.     As a result of said Defendant's negligence and carelessness, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee.  He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body.  The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

bone grafting.   The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries.   In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future.   In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

22.    As a further result of the negligence and carelessness of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

23.    As a further result of the negligence and carelessness of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

24.    At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

time from his employment and thereby suffered economic loss in the form of past and future lost wages.

25.    As a further result of the negligence and carelessness of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant, O.B. Hill Trucking and Rigging Co., Inc., of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

## SEVENTH COUNT
### (Recklessness as to O.B. Hill Trucking and Rigging Co., Inc.)

1-18.    Paragraphs one (1) through eighteen (18) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through eighteen (18) of the Seventh Count as though fully set forth in the Seventh Count.

19.    At all relevant times, the Defendant, O.B. Hill Trucking and Rigging Co., Inc., was well aware that the placement of said portable toilet at a hazardous and dangerous location on said sidewalk so that it opened into an adjacent roadway which was traveled by motor vehicles, tractor trailer trucks, and other construction

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

vehicles and so that occupants, including the plaintiff, when exiting said portable toilet were required to enter said roadway while their view of oncoming traffic was obstructed by the toilet door.

20.    Despite the aforesaid knowledge, said Defendant, O.B. Hill Trucking and Rigging Co., Inc., consciously disregarded the inherent risks at this site and placed said portable toilet at said location creating a dangerous and hazardous condition for those using said portable toilet, including the plaintiff.

21.    The injuries and damages sustained by the Plaintiff were proximately caused by the reckless misconduct of the Defendant, O.B. Hill Trucking and Rigging Co., Inc., in that it:

    a.    disregarded the obvious risk of injury to those using said portable toilet, including the plaintiff, by positioning said portable toilet in a direction so that it opened into an adjacent roadway requiring occupants to enter the roadway when exiting said portable toilet;

    b.    disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by placing said portable toilet on a sidewalk adjacent to a roadway thereby requiring those entering and exiting said portable toilet, including the plaintiff, to travel across a construction site roadway heavily traveled by motor vehicles, tractor trailers, and other construction vehicles;

    c.    disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by placing said portable toilet on a sidewalk and adjacent to a heavily traveled roadway where the those exiting the portable toilet, including the plaintiff, would be required to open its door

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

into said roadway and in the direction of approaching traffic thereby obstructing the view of oncoming motorists;

d. disregarded the safety of those using the portable toilet, including the plaintiff, by refusing to place warning signs, cones, barricades or other such equipment to alert oncoming motorists of the unsafe and hazardous conditions;

e. disregarded the safety of those using the portable toilet, including the plaintiff, by refusing to place signs or other devices to warn toilet occupants of the inevitable exit onto the adjacent roadway;

22. As a result of said Defendant's reckless misconduct, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee. He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body. The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting. The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

23.    As a further result of the reckless misconduct of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

24.    As a further result of the reckless misconduct of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

25.    At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

26.    As a further result of the reckless misconduct of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant O.B. Hill Trucking and Rigging Co., Inc. of damages in an amount determined by this Court,

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

together with interest, costs, expert witness fees, attorneys' fees, and such other

relief as the Court may deem just and proper.

## EIGHTH COUNT

### (Negligence as to the Defendant, Joseph P. Carrara & Sons, Inc. a/k/a J.P. Carrara & Sons, Inc.)

1-18.   Paragraphs one (1) through eighteen (18) of the Complaint are hereby

reincorporated and realleged as paragraphs one (1) through eighteen (18) of the

Eighth Count as though fully set forth in the Eighth Count.

19.   The injuries and damages sustained by the Plaintiff were proximately

caused by the negligence and carelessness of the Defendant, J.P. Carrara, in that it:

a.   violated Article 50, Section 5 of the Town of Natick By-Laws by obstructing said sidewalk with a portable toilet when it knew or should have known of the potential risk of harm to occupants of said portable toilet, including the plaintiff;

b.   violated American Nation Standard (ANSI) Z4.3-2005 by allowing said portable toilet to be installed, maintained, and operated in a manner that endangered the health and safety occupants, including the plaintiff.

c.   failed to properly supervise and/or instruct the safe placement of said portable toilet;

d.   directed the placement of said portable toilet on said sidewalk and in a hazardous location when it knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

e.  allowed said portable toilet to be placed directly adjacent to a roadway thereby requiring occupants, including the plaintiff, to cross the roadway to enter and exit said portable toilet;

f.  failed to correct the placement of said portable toilet to an area where the door of the portable toilet did not open into an adjacent roadway;

g.  failed to correct the placement of said portable toilet placed to an area where the door of the portable toilet did not obstruct the occupants view of oncoming motorists when exiting said portable toilet;

h.  failed to place signs or other devices to warn toilet occupants, including the plaintiff of the inevitable exit onto the adjacent roadway;

i.  failed to place signs or other devices to warn toilet occupants, including the plaintiff, that the portable toilet door opened into the roadway and into the path of oncoming traffic;

j.  failed to place signs or other safety devices to warn motorists that the portable toilet door opened into the roadway causing occupants to exit said portable toilet directly into their path of travel;

k.  knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff, and yet failed to correct same condition;

l.  failed to protect its employees and /or employees of its agents and/or subcontractors from said hazardous and dangerous condition;

m.  failed to ensure safe working conditions at said job site when, as the general contractor, it had a nondelegable duty to do so;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

n.  failed to adequately inspect said work site to ensure safe working conditions existed;

o.  failed to properly supervise and/or instruct its employees of a safe place for the placement of said portable toilet;

p.  placed said portable toilet on said sidewalk and in a hazardous location when it knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff;

q.  placed said portable toilet directly adjacent to a roadway thereby requiring occupants, including the plaintiff, to cross said roadway to enter and exit said portable toilet;

r.  placed said portable toilet in a location that obstructed the occupants view of oncoming motorists when exiting said portable toilet;  and

s.  placed said portable toilet in a location where its door of opened into an adjacent roadway creating a hazardous and dangerous condition to occupants, including the plaintiff.

20.    As a result of said Defendant's negligence and carelessness, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee.  He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body.  The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting.  The Plaintiff was further required to undergo orthopedic treatment,

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

physical therapy, and pain management as a result of said injuries. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

21. As a further result of the negligence and carelessness of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

22. As a further result of the negligence and carelessness of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

23. At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

24.    As a further result of the negligence and carelessness of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant, J.P. Carrara of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

## NINTH COUNT
### (Recklessness as to the Defendant Joseph P. Carrara & Sons, Inc. a/k/a J.P. Carrara & Sons, Inc.)

1-18.    Paragraphs one (1) through eighteen (18) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through eighteen (18) of the Ninth Count as though fully set forth in the Ninth Count.

19.    At all relevant times, the Defendant, J.P. Carrara, was well aware that the placement of said portable toilet at a hazardous and dangerous location on said sidewalk so that it opened into an adjacent roadway which was traveled by motor vehicles, tractor trailer trucks, and other construction vehicles and so that occupants,

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

including the plaintiff, when exiting said portable toilet were required to enter said roadway while their view of oncoming traffic was obstructed by the toilet door.

20.   Despite the aforesaid knowledge, said Defendant, J.P. Carrara, consciously disregarded the inherent risks at this site and placed said portable toilet at said location creating a dangerous and hazardous condition for those using said portable toilet, including the plaintiff.

21.   The injuries and damages sustained by the Plaintiff were proximately caused by the reckless misconduct of the Defendant, J.P. Carrara, in that it:

a. disregarded the obvious risk of injury to those using said portable toilet, including the plaintiff, by positioning said portable toilet in a direction so that it opened into an adjacent roadway requiring occupants to enter the roadway when exiting said portable toilet;

b. disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by placing said portable toilet on a sidewalk adjacent to a roadway thereby requiring those entering and exiting said portable toilet, including the plaintiff, to travel across a construction site roadway heavily traveled by motor vehicles, tractor trailers, and other construction vehicles;

c. disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by placing said portable toilet on a sidewalk and adjacent to a heavily traveled roadway where the those exiting the portable toilet, including the plaintiff, would be required to open its door into said roadway and in the direction of approaching traffic thereby obstructing the view of oncoming motorists;

d. disregarded the safety of those using the portable toilet, including the

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

plaintiff, by refusing to place warning signs, cones, barricades or other such equipment to alert oncoming motorists of the unsafe and hazardous conditions;

e. disregarded the safety of those using the portable toilet, including the plaintiff, by refusing to place signs or other devices to warn toilet occupants of the inevitable exit onto the adjacent roadway;

22.    As a result of said Defendant's reckless misconduct, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee.    He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body.    The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting.    The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries.    In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future.    In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

23.    As a further result of the reckless misconduct of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care,

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

treatment, x-rays, diagnostic studies, prescription medications and devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

24.    As a further result of the reckless misconduct of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

25.    At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

26.    As a further result of the reckless misconduct of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant J.P. Carrara of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## TENTH COUNT

### (Negligence as to the Defendant, Prime Steel Erecting, Inc)

1-18.   Paragraphs one (1) through eighteen (18) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through eighteen (18) of the Tenth Count as though fully set forth in the Tenth Count.

19.   The injuries and damages sustained by the Plaintiff were proximately caused by the negligence and carelessness of the Defendant, Prime Steel Erecting, Inc, in that it:

 a. violated Article 50, Section 5 of the Town of Natick By-Laws by obstructing said sidewalk with a portable toilet when it knew or should have known of the potential risk of harm to occupants of said portable toilet, including the plaintiff;

 b. violated American Nation Standard (ANSI) Z4.3-2005 by allowing said portable toilet to be installed, maintained, and operated in a manner that endangered the health and safety occupants, including the plaintiff.

 c. failed to properly supervise and/or instruct the safe placement of said portable toilet;

 d. directed the placement of said portable toilet on said sidewalk and in a hazardous location when it knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

e.  allowed said portable toilet to be placed directly adjacent to a roadway thereby requiring occupants, including the plaintiff, to cross the roadway to enter and exit said portable toilet;

f.  failed to correct the placement of said portable toilet to an area where the door of the portable toilet did not open into an adjacent roadway;

g.  failed to correct the placement of said portable toilet placed to an area where the door of the portable toilet did not obstruct the occupants view of oncoming motorists when exiting said portable toilet;

h.  failed to place signs or other devices to warn toilet occupants, including the plaintiff of the inevitable exit onto the adjacent roadway;

i.  failed to place signs or other devices to warn toilet occupants, including the plaintiff, that the portable toilet door opened into the roadway and into the path of oncoming traffic;

j.  failed to place signs or other safety devices to warn motorists that the portable toilet door opened into the roadway causing occupants to exit said portable toilet directly into their path of travel;

k.  knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff, and yet failed to correct same condition;

l.  failed to protect its employees and /or employees of its agents and/or subcontractors from said hazardous and dangerous condition;

m. failed to ensure safe working conditions at said job site when, as the general contractor, it had a nondelegable duty to do so;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

n.  failed to adequately inspect said work site to ensure safe working conditions existed;

o.  failed to properly supervise and/or instruct its employees of a safe place for the placement of said portable toilet;

p.  placed said portable toilet on said sidewalk and in a hazardous location when it knew or should have known of the potential risk of harm to occupants of the portable toilet, including the plaintiff;

q.  placed said portable toilet directly adjacent to a roadway thereby requiring occupants, including the plaintiff, to cross said roadway to enter and exit said portable toilet;

r.  placed said portable toilet in a location that obstructed the occupants view of oncoming motorists when exiting said portable toilet;  and

s.  placed said portable toilet in a location where its door of opened into an adjacent roadway creating a hazardous and dangerous condition to occupants, including the plaintiff.

20.    As a result of said Defendant's negligence and carelessness, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee.  He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body.  The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting.  The Plaintiff was further required to undergo orthopedic treatment,

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

physical therapy, and pain management as a result of said injuries. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

21.    As a further result of the negligence and carelessness of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

22.    As a further result of the negligence and carelessness of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

23.    At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

24.     As a further result of the negligence and carelessness of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant, Prime Steel Erecting, Inc of damages in an amount determined by this Court, together with interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court may deem just and proper.

## ELEVENTH COUNT
### (Recklessness as to the Defendant Prime Steel Erecting, Inc.)

1-18.   Paragraphs one (1) through eighteen (18) of the Complaint are hereby reincorporated and realleged as paragraphs one (1) through eighteen (18) of the Eleventh Count as though fully set forth in the Eleventh Count.

19.     At all relevant times, the Defendant, Prime Steel Erecting, Inc., was well aware that the placement of said portable toilet at a hazardous and dangerous location on said sidewalk so that it opened into an adjacent roadway which was traveled by motor vehicles, tractor trailer trucks, and other construction vehicles and so that occupants, including the plaintiff, when exiting said portable toilet were

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

required to enter said roadway while their view of oncoming traffic was obstructed by the toilet door.

20.     Despite the aforesaid knowledge, said Defendant, Prime Steel Erecting, Inc., consciously disregarded the inherent risks at this site and placed said portable toilet at said location creating a dangerous and hazardous condition for those using said portable toilet, including the plaintiff.

21.     The injuries and damages sustained by the Plaintiff were proximately caused by the reckless misconduct of the Defendant, Prime Steel Erecting, Inc., in that it:

a.  disregarded the obvious risk of injury to those using said portable toilet, including the plaintiff, by positioning said portable toilet in a direction so that it opened into an adjacent roadway requiring occupants to enter the roadway when exiting said portable toilet;

b.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by placing said portable toilet on a sidewalk adjacent to a roadway thereby requiring those entering and exiting said portable toilet, including the plaintiff, to travel across a construction site roadway heavily traveled by motor vehicles, tractor trailers, and other construction vehicles;

c.  disregarded the obvious risk of injury to those using the portable toilet, including the plaintiff, by placing said portable toilet on a sidewalk and adjacent to a heavily traveled roadway where the those exiting the portable toilet, including the plaintiff, would be required to open its door into said roadway and in the direction of approaching traffic thereby obstructing the view of oncoming motorists;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

d. disregarded the safety of those using the portable toilet, including the plaintiff, by refusing to place warning signs, cones, barricades or other such equipment to alert oncoming motorists of the unsafe and hazardous conditions;

e. disregarded the safety of those using the portable toilet, including the plaintiff, by refusing to place signs or other devices to warn toilet occupants of the inevitable exit onto the adjacent roadway;

22.    As a result of said Defendant's reckless misconduct, the Plaintiff sustained a comminuted fracture of the lateral aspect of his right proximal tibia with damage to the articular cartilage and meniscus in his right knee.   He further sustained an elbow strain, back strain, and numerous contusions, abrasions, and bruising to his body.   The Plaintiff was required to undergo a surgical procedure under general anesthesia which included an open reduction with internal fixation and bone grafting.   The Plaintiff was further required to undergo orthopedic treatment, physical therapy, and pain management as a result of said injuries.   In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future.   In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

23.    As a further result of the reckless misconduct of said Defendant the Plaintiff was required to spend various sums of money for medical and surgical care, treatment, x-rays, diagnostic studies, prescription medications and devices necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

24.    As a further result of the reckless misconduct of said Defendant, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

25.    At all times mentioned herein, the Plaintiff was gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

26.    As a further result of the reckless misconduct of said Defendant, the Plaintiff sustained permanent and disfiguring surgical scarring which has caused and will in the future continue to cause him great humiliation and embarrassment.

WHEREFORE, plaintiff prays for judgment against the defendant Prime Steel Erecting, Inc., of damages in an amount determined by this Court, together with

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

interest, costs, expert witness fees, attorneys' fees, and such other relief as the Court

may deem just and proper.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Dated:  OCTOBER 29, 2010

THE PLAINTIFF

By: _____
Joseph M. Barnes, Esq.  (ct27419)
THE REARDON LAW FIRM, P.C.
160 Hempstead Street
New London, CT  06320
(860) 442-0444 Telephone
(860) 444-6445 Facsimile
jbarnes@reardonlaw.com

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the **Plaintiff's Second Amended Complaint** was filed

through the ECF system and will be sent electronically to the registered participants

as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to

those indicated as registered participants on October 29, 2010 as follows:

Charles F. Proctor
Proctor & Proctor Law Firm
251 Main St.
Oxford, MA   01540-0263
Phone:  (508)987-2626
Fax:  (508)987-3250
Email:  cproctor@charter.net

David R. Cain, Esq.
Brown & Black
10 St. James Ave.
Boston, MA  02116
Phone:  (617)867-4776
Email:  david.cain@libertymutual.com
*Counsel for the Defendant and Cross Defendant,*
*United Site Services Northeast, Inc.*
*a/k/a United Site Services, Inc., Cross Claimant and Cross*
*Defendant, United Site Services, Inc.*

John J. McGivney, Esq.
Scott A. Aftuck, Esq.
Rubin & Rudman, LLP
50 Rowes Wharf
Boston, MA  02110
Phone:  (617)330-7000
Fax:  (617)439-9556

**THE REARDON LAW FIRM, P.C.**
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

Email: jmcgivney@rubinrudman.com
Email: saftuck@rubinrudman.com
*Counsel for the Defendant, Cross*
*Defendant, Cross Claimant and*
*Third Party Plaintiff, Callahan, Inc.*

Thomas W. Belliveau, Esq.
Fuller, Rosenberg, Palmer & Beliveau, LLP
340 Main St., Ste. 817
Worcester, MA  01608
Phone:  (508)751-5121
Fax:  (508)751-5155
Email:  chorn@frpb.com
*Counsel for the Defendants, Cross Defendants*
*and Cross Claimant,*
*O.B. Hill Trucking & Rigging, Co., Inc.*
*and Kevin S. Minneart*

Michael F. Ashe, Esq.
Law Offices of Thomas M. Niarchos
446 Main St., Fl. 19
Worcester, MA 01608
Phone:  (508)753-0306
Fax:  (508)753-1697
Email:  mfashe@travelers.com
*Counsel for the Third Party Defendant,*
*Joseph P. Carrara & Sons, Inc.*

Paul Michienzie, Esq.
Richard E. Bennett, Esq.
Michienzie & Sawin, LLC
745 Boylston St., 5th Fl.
Boston, MA   02116-2636
Phone:  (617)227-5660
Fax:  (617)227-5882
Email:  pm@masatlaw.com

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

*Counsel for Fourth Party Defendant*
*And Fourth Party Plaintiff,*
*Prime Steel Erecting, Inc.*

Joseph M. Barnes, Esq.

THE REARDON LAW FIRM, P.C.

Attorneys at Law

160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515